UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JAIME MARTINEZ HERNANDEZ,

                       Plaintiff,

          - against -

RAY BARRETTO, ROBERT BRYANT,
GABRIEL NIGERIA, and MICHAEL
JACKSON,

                       Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1235 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On March 3, 2022, *pro se* Plaintiff Jaime Martinez Hernandez filed this action against

Defendants. (Compl., Dkt. 1.) By Memorandum and Order dated April 1, 2022, the Court

dismissed the Complaint for lack of subject matter jurisdiction. (Dkt. 4.) Almost a year later, on

March 21, 2023, Plaintiff moved for reconsideration of the Court's Order. (Dkt. 10.) On March

28, 2023, Plaintiff filed a second motion for reconsideration. (Dkt. 13.) In addition, Plaintiff has

filed other submissions in this closed case. (*See* Dkts. 11–12.) Plaintiff's motions for

reconsideration are denied as set forth below.

**LEGAL STANDARD**

"A party may move for reconsideration and obtain relief only when the party identifies an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)

(brackets omitted) (citation omitted). "The standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions

or data that the court overlooked—matters, in other words, that might reasonably be expected to

alter the conclusion reached by the court." *Id*. (citation omitted). Furthermore, "[i]t is well

1

established that the submission of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted).

## DISCUSSION

Liberally construing Plaintiff's motions, neither submission provides a basis for reconsidering the Court's Memorandum and Order.  Plaintiff's Complaint was dismissed for lack of subject matter jurisdiction because (1) there was "no diversity jurisdiction [given that] Defendants, like Plaintiff, are residents of New York" and (2) Plaintiff's "factual allegations, even liberally construed" did not suggest a federal cause of action.  *Hernandez v. Barretto*, No. 22-CV-1235 (PKC) (LB), 2022 WL 1126745, at *2 (E.D.N.Y. Apr. 1, 2022).  Moreover, Plaintiff's new allegations are implausible.  (*See* Dkt. 10, at ECF 1[1] (seeking reconsideration "to collect the atomic radioactive gun discharging weapons of terrorism"), Dkt. 13-1, at ECF 1 (seeking reconsideration because Defendants "continue terrorizing and torturing me with this outlaws [sic] atomic radioactive gun radioactive gun [sic] discharging weapons to harm my body").)

## CONCLUSION

Accordingly, Plaintiff has not shown that he is entitled to reconsideration of the Court's Memorandum and Order and Plaintiff's motions for reconsideration are denied.

This case is closed and no further motions for reconsideration shall be considered.  The Clerk of Court is directed to return to Plaintiff, without filing, any new motion or submissions under this docket number, with the exception of a notice of appeal.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

The Court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.


/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  April 5, 2023
        Brooklyn, New York